## GINN v FULTON

Ohio Appeals, 2nd Dist, Fayette Co

No 214.   Decided April 18, 1934

Knepper, White, Smith & Dempsey, Columbus, and W. S. Paxson, Washington C. H., for plaintiff.

John W. Bricker, Attorney General, Columbus, Hugh Huntington, Columbus, Rell Allen, Washington C. H., and H. H. Crabbe. Special Counsel, Columbus, for defendant.

SHERICK, J, (5th Dist), sitting by designation.

## OPINION

By HORNBECK, PJ.

Counsel have provided most comprehensive and helpful briefs. It will not be possible, within the proper confines of this opinion, to discuss at any · considerable length the many cases cited from this and other jurisdictions. The specific claims of the plaintiff are well epitomized in the brief of her counsel, as follows:

"Mrs. Ginn is entitled to have her claim declared to be a preferred claim payable prior to general creditors: (1) Because the funds were specially deposited in the Bank for a specific purpose and could be appropriated by the Bank for nothing save and except to pay for and take up the stock of Mrs. Ginn.

(2) Because the amount of the checks being on a solvent and sufficient account constituted funds in the hands of the Bank which were held solely for Mrs. Ginn and the State Superintendent of Banks became substituted as trustee and holds such funds for the cestui que trust, Mrs. Ginn."

A general discussion of the proven facts in the case, together with the law inferable therefrom, will, in our judgment, dispose of both of the above numbered claims. Respecting the agency of Mr. Ballard for Mrs. Ginn and its extent, there is little or no doubt that Mrs. Ginn by conduct had, either, constituted Mr. Ballard her agent to collect dividends on her company stock by endorsement of checks payable to her, or by ratification of his acts was estopped to deny his authority. We cannot say from the evidence in this case that Mr. Ballard as agent for the plaintiff, was authorized expressly or by implication to endorse the checks payable to her for her preferred

stock, nor to sign the necessary certificates of transfer or relinquishment of stock to the Company. Mr. Ballard as an officer of the Bank with whom Mrs. Ginn transacted her business at the Bank and particularly respecting her holdings with the Company, was under an express obligation to handle her checks for the preferred stock from the Company with due care. Clearly, he did not meet that obligation when he failed to promptly notify the plaintiff that her checks were at the Bank subject to be cashed and placed to her credit upon the relinquishment of her stock. But having so found, what is the obligation of the Superintendent of Banks upon the negligent conduct of Mr. Ballard respecting plaintiff's business at the Bank? Would the penalty for the negligent conduct assure the plaintiff a preference in the assets of the Bank as against other general creditors, or would it make the Bank a debtor to the plaintiff and a general creditor?

We are of opinion that the right of the plaintiff to a preference is grounded upon the creation of a trust fund representative of the proceeds of the sale of the Federal Land Bank bonds with which the preferred stock was to be taken up. If, under the proof, this fund may be said to be a trust fund, or special account, then, clearly, the plaintiff is entitled to preference. If not, notwithstanding the obligation of the Bank to stany responsible for the acts of its agent within the scope of his authority, the plaintiff is not entitled to a preference.

We, likewise, are in full accord with the position of the plaintiff respecting the obligation of courts to declare a trust if the contracting parties in this case, the Company and the Bank expressly agreed that the funds should constitute a special account, subject only to the payment of definite claims. If the funds with which the preferred stock of the Company was to be redeemed were to be by the Bank placed in a separate trust account, then the fact that Mr. Ballard failed to so deposit them would not prevent this court from declaring them to be trust funds, though intermingled with other funds in the general account of the Company. **Klaustermeyer v Trust Co., 89 Oh St, 142; Smith v Fuller, 86 Oh St, 57; Pontius, Superintendent of Banks v Sears & Roebuck Co., 16 Oh Ap, 240.**

What, then, was the arrangement or understanding between the Company and Mr. Ballard, representing the Bank, respecting the deposit of the proceeds of the sale of the Federal Land Bank bonds. The fact is that they were deposited in the general account of the Company. That the deposit was so made, of course was known at all times to the Company. The resolution of the Board of Directors of the Company authorizing the sale of the Federal Land Bank bonds and providing that the proceeds be used to take up the preferred stock to be recalled would of itself be sufficient authority to the Bank to credit these funds to a separate account applicable only to the payment of the redeemed preferred stock. The resolution is subject to that interpretation.

It is also susceptible of another construction, namely, that it be placed to the general account of the Company to replenish it and that the preferred stock be paid from the general account. The Company by the transactions and conduct of its officers who drew upon the account compels the conclusion that the Company did not at any time treat the proceeds of the Federal Land Bank bonds as a separate account. On the contrary, all checks were issued upon and paid from the general account. If the Company had intended that the proceeds of the sale of the bonds be kept intact to pay the preferred stock holders, its obligation was plain and it should have promptly notified the Bank of its purpose and required the Bank to make a separate account. Having failed to do so it by conduct lends convincing strength to the theory that the account was carried as it intended it to be. Then, too, the payment of interest by the Bank to the Company on the general account, which included the proceeds of the sale of the bonds, is a convincing factor in the determination that no trust fund was in contemplation of the parties. **McDonald, Admr. v Fulton, Superintendent of Banks, 125 Oh St 507.**

Although the facts in this case cover a wide compass, and counsel have presented numerous and extended authorities, we feel that the question is comparatively simple and must be determined upon the fact, namely, whether or not the deposit of the proceeds of the Federal Land Bank bonds was intended to be a general or a special deposit. In our judgment the conclusion must be drawn that it was intended to be a general deposit and, therefore, no trust fund was created.

It follows that the plaintiff is not entitled to a preference and it will be so ordered.

BARNES and SHERICK, JJ, concur.